Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| JOHNSON CONSULTING LLC, EDWIN RODRÍGUEZ RAMOS, BILLY JOE RODRÍGUEZ MERCEDES Y OTROS<br><br>Recurridos<br><br>V.<br><br>**PEDRO HUERTAS RÍOS**, MARGARITA GEORGE MARRERO, HUERTAS-GEORGE, SOCIEDAD LEGAL DE BIENES GANANCIALES Y OTROS<br><br>**Peticionario** | TA2025CE00812 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Río Grande<br><br>Caso Núm.: RG2025CV00169<br><br>Sobre: Desahucio en Precario |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de enero de 2026.

El 24 de noviembre de 2025, compareció ante este Tribunal de Apelaciones el señor Pedro Huertas Ríos (en adelante, el señor Huertas Ríos o parte peticionaria) por medio de *Certiorari*. Mediante este, nos solicita que revisemos la *Orden* emitida el 27 de octubre de 2025 y notificada al día siguiente por el Tribunal de Primera Instancia, Sala Superior de Río Grande. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar la *Moción en Cumplimiento de Orden Resolución* presentada por la parte peticionaria acerca de anotación de rebeldía.

Por los fundamentos que se exponen a continuación, se *deniega* la expedición del *certiorari*.

**I**

La controversia de epígrafe tuvo su génesis el 1 de abril de 2025, cuando Johnson Consulting LLC., y otros, (en adelante, parte

recurrida) interpuso una *Demanda* sobre desahucio en precario en contra del señor Huertas Ríos, la señora Erodita Larracuenta Bastardo (en adelante, señora Larracuenta Bastardo) y la señora Margarita George Marrero (en adelante, señora George Marrero). Posteriormente, la parte recurrida presentó *Demanda Enmendada.* En primer lugar, la parte recurrida alegó que, el señor Huertas Ríos y la señora George Marrero se encontraban disfrutando precariamente, sin autorización ni título de una propiedad que pertenece a la parte recurrida ubicada en el municipio de Río Grande. Añadió que, le solicitó a dicha parte que desalojara la propiedad pero que, esta se ha negado. A tales efectos, la parte recurrida le solicitó al foro primario el desahucio sumario en precario de la parte recurrida.

Así las cosas, el 10 de abril de 2025, el foro primario expidió el *Emplazamiento y Citación por Desahucio* para el señor Huertas Ríos, la señora George Marrero y la Sociedad Legal de Bienes Gananciales compuesta por ambos.

El 24 de abril de 2024, el señor Huertas Ríos presentó *Moci[ó]n Asumiendo Representaci[ó]n Legal* donde anunció su representante legal. La misma fue declarada Ha Lugar por el foro primario.

Por otro lado, la parte recurrida presentó *Moción Solicitando la Descalificación de Representante Legal de los Demandados.*

Transcurridos varios trámites procesales, innecesarios pormenorizar, el 30 de abril de 2025, fue celebrado el *Juicio en su Fondo.* Según la *Minuta,* el foro primario determinó que, la señora George Marrero es parte indispensable del procedimiento de desahucio, al igual que la Sociedad Legal de Gananciales, y que debían ser emplazadas conforme a las Reglas de Procedimiento Civil.

Más adelante, la parte recurrida presentó una *Demanda Enmendada.*

El 12 de mayo de 2025, el foro primario expidió *Emplazamiento y Citación por Desahucio* dirigidos al señor Huertas Ríos, la señora George Marrero y la Sociedad Legal de Bienes Gananciales compuesta por ambos, y a la señora Larracuenta Bastardo.

Asimismo, la parte recurrente presentó *Moción Solicitando se Expida Emplazamiento por Edicto*. Argumentó que, pese a haber realizado varias gestiones para emplazar a la señora George Marrero y a la señora Larracuenta Bastardo, no logró emplazarlas. Conforme a lo anterior, le solicitó a foro de primera instancia que le permitiera emplazarlos por edicto.

Consecuentemente, el Tribunal de Primera Instancia permitió emplazar por edicto a las señoras George Marrero y Larracuenta Bastardo. Transcurridos varios trámites procesales innecesarios pormenorizar, el 29 de julio de 2025 se expidieron los emplazamientos por edicto. Más adelante, el 28 de agosto de 2025, la parte recurrida presentó *Moción Informativa y en Solicitud de Orden*, mediante la cual informó que, los edictos fueron publicados el 1ro de agosto de 2025 en el periódico *Primera Hora*. Sin embargo, explicó que, luego de intentar recibir la declaración jurada que certificaba la publicación del edicto dirigido a la señora George Marrero, el periódico *Primera Hora* alegó no poder producir dicha declaración. Lo anterior, a pesar de haber emitido la declaración jurada que certificó la publicación del edicto dirigido a la señora Larracuenta Bastardo. Indicó, además que, aunque le remitió al periódico *Primera Hora* la factura, recibo de pago y copia del edicto publicado, no había podido producir la correspondiente certificación y que ello, atentaba contra la habilidad del foro *a quo* de adquirir jurisdicción sobre la persona de la señora George Marrero. Conforme a ello, le solicitó al foro primario que tomara conocimiento de la fecha en la que se publicaron los edictos, y ordenara, so pena de

sanciones, al periódico *Primera Hora* que emitiera la certificación de la publicación del edicto en cuestión.

Subsiguientemente, el foro de primera instancia emitió *Orden* en la cual declaró Ha Lugar la *Moción Informativa y en Solicitud de Orden* y ordenó al periódico *Primera Hora* que emitiera, dentro de un término no mayor de cinco (5) días de notificada la orden, la certificación bajo juramento de la publicación del edicto de notificación de Demanda de Desahucio en Precario contra la señora George Marrero. El 3 de septiembre de 2025, la parte recurrida presentó *Moción Informativa* donde expresó que la certificación del emplazamiento por edicto había sido emitida por el periódico *Primera Hora.*

Transcurridas varias incidencias procesales, innecesarias pormenorizar, el 2 de octubre de 2025, la parte recurrida presentó una *Moción Solicitando la Anotación de Rebeldía.* Señaló que, las señoras Larracuenta Bastardo y George Marrero no habían comparecido ante el Tribunal de Primera Instancia, a pesar de haber sido emplazadas por edicto. A tales efectos, le solicitó al foro primario que les anotara rebeldía.

Mediante *Orden* emitida el 6 de octubre de 2025, la primera instancia judicial les anotó la rebeldía a las señoras Larracuenta.

En igual fecha, la parte peticionaria presentó la *Moción en Cumplimiento de Orden, Reconsideración a Orden Sobre Anotación de Rebeldía; Solicitud de que se Tengan los Emplazamientos a Erodita Larracuenta Bastardo y Margarita George Marrero como Nulos y por Ende no Notificados Conforme a Derecho, Tanto por Defectos en el Edicto, como en su Notificación y Finalmente se Entienda no se Tiene Jurisdicción sobre Dichas dos Codemandadas.* En primer lugar, la parte peticionaria alegó que, el foro recurrido carecía de jurisdicción sobre la persona de las señoras Larracuenta Bastardo y George Marrero y que, no procedía la anotación de rebeldía. Sostuvo que, el

edicto emitido por el periódico *Primera Hora* el 1ro de agosto de 2025, carecía de expresar y/o notificar el término con el que las partes contaban para contestar la *Demanda* y las consecuencias de no hacerlo. Acotó que, la falta de información en el edicto hacía el emplazamiento nulo. Asimismo, adujo que, la correspondencia alegadamente enviada a la señora Larracuenta Bastardo, que informaba sobre el edicto, fue devuelta por no haber sido reclamada. De igual forma, arguyó que, la correspondencia enviada a la señora George Marrero también había sido devuelta bajo el fundamento de que, la dirección no era correcta. Añadió que, un defecto en la dirección viciaba el emplazamiento y privaba al Tribunal de jurisdicción sobre la persona.

El 27 de octubre de 2025 el Tribunal de Primera Instancia emitió *Orden* donde declaró No Ha Lugar la *Moción en Cumplimiento de Orden* presentada por la parte peticionaria. Determinó que, la parte recurrida había cumplido con los requisitos establecidos en el Artículo 623 del Código de Enjuiciamiento Civil sobre emplazamiento en casos de desahucio en precario. De igual manera, expresó que, el abogado que presentó la referida moción no figuraba como representante legal de las señoras Larracuenta Bastardo y George Marrero, y que por tanto, estaba impedido de hacer alegaciones a favor de ellas.

Inconforme, el 24 de noviembre de 2025, la parte peticionaria presentó ante este foro revisor el recurso de *certiorari* cuya revisión nos ocupa, en el cual esgrimió los siguientes señalamientos de error:

> **Primer Error**: Erró el Honorable Tribunal de Primera Instancia al determinar que el demandante-recurrido cumplió con los requisitos establecidos en el Artículo 623 del Código de Enjuiciamiento Civil sobre Emplazamientos en casos de Desahucio en Precario de Erodita Larracuenta Bastardo y Margarita George Marrero y obviar la Regla 4.6 de Procedimiento Civil (32 LPRA R. 4.6) y la casuística correspondiente y por ende anotarle la rebeldía a ambas.

**Segundo Error:** Erró el Honorable Tribunal de Primera Instancia al determinar que como el abogado que aquí comparece no funge como representante legal de las codemandadas Erodita Larracuenta Bastardo y Margarita George Marrero, estaba impedido de hacer alegaciones a favor de éstas.

El 26 de noviembre de 2025, la parte peticionaria presentó una *Moción Solicitando Auxilio de Jurisdicción y Suspensión de los Procedimientos en lo que se Resuelve el Recurso de Certiorari*. En su escrito, solicitó que se suspendieran de inmediato todos los procedimientos ante el foro primario, incluyendo una Vista en su Fondo señalada para el 12 de enero de 2026.

En igual fecha, esta Curia emitió y notificó una *Resolución* en la que declaró No Ha Lugar dicha moción. También se le concedió a la parte recurrida hasta el 10 de diciembre de 2025 para presentar su alegato en oposición.

En cumplimiento con lo ordenado, la parte recurrida presentó *Alegato en Oposición al Recurso de Certiorari*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[1]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones[2],

---

[1] Véase también, *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

[2] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf

dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". (citas omitidas) *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[3]

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no

---

[3] *Íd.*

ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

## B. La acción de desahucio

El desahucio es el medio que tiene el propietario de un inmueble para recobrar judicialmente su posesión. *Markovic v. Meldon y otro*, 2025 TSPR 99, pág. 7, 216 DPR ___ (2025), citando a *Adm. Vivienda Pública v. Vega Martínez*, 200 DPR 235, 240 (2018). El desahucio puede solicitarse en un proceso ordinario o en un proceso sumario. El desahucio sumario está reglamentado por los Arts. 620-634 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2821-2838. Esta reglamentación responde al interés del Estado en atender expeditamente la reclamación del dueño de un inmueble, cuyo derecho a poseer y disfrutar su propiedad ha sido interrumpido. *ATPR v. SLG Volmar-Mathieu,* 196 DPR 5, 9 (2016). *Adm. Vivienda Pública v. Vega Martínez*, 200 DPR 235, 240 (2018).

Así, el objetivo de esta acción especial es recuperar la posesión de hecho de un bien inmueble mediante el lanzamiento o la expulsión del arrendatario o precarista que lo detente sin pagar canon o merced alguna. *Fernández & Hno. v. Pérez*, 79 DPR 244 (1956). *ATPR v. SLG Volmar-Mathieu*, supra, pág. 10.

Es importante mencionar que, nuestra más Alta Curia ha expresado lo siguiente:

> La acción de desahucio en precario se da contra aquellas personas que disfrutan de la posesión de un inmueble sin derecho alguno para ello y sin pagar canon o merced alguna. Por lo tanto, bastará que un demandado en desahucio produzca prueba suficiente ante la corte para demostrar que tiene algún derecho a ocupar dicho inmueble y que tiene un título tan bueno o mejor que el del demandante para que surja un conflicto de título que haga improcedente la acción. *Escudero v. Mulero*, 63 DPR 574, 588-589 (1944). (Énfasis nuestro).

En cuanto al procedimiento de desahucio en precario el Art. 623 del Código de Enjuiciamiento Civil dispone lo siguiente:

> **Artículo 623. – Cómo se promoverá el juicio de desahucio**.
>
> Se promoverá el juicio, por medio de demanda redactada conforme a lo prescrito para el juicio ordinario por las Reglas de Procedimiento Civil presentada aquélla, se mandará a convocar al actor y al demandado para comparecencia, que deberá celebrarse dentro de los diez (10) días siguientes a aquel en que se presente en la reclamación.
>
> Disponiéndose, que si en dicha vista quedare demostrado que el mandamiento es contra una familia de probada insolvencia económica, el tribunal ordenará que se notifique a los Secretarios de los Departamentos de la Familia y de la Vivienda, con copia de la demanda de desahucio promovida. Estas agencias evaluarán la condición socioeconómica de la familia y le brindarán la ayuda social que esté justificada.
>
> Se dispone, además, que si en dicha vista queda demostrado que el mandamiento es contra una persona de edad avanzada o una persona con impedimento, el tribunal ordenará la notificación a la Oficina del Procurador de Personas de Edad Avanzada o la Oficina del Procurador de Personas con Impedimentos según sea el caso, a fin de que estas entidades le brinden la ayuda que esté justificada.
>
> Además, rendirán un informe al tribunal, en el término improrrogable de treinta (30), días sobre las

ayudas a que la persona tenga derecho, y cuáles se habrán de proveer.

Respecto al emplazamiento, el Art. 624 del Código de Enjuiciamiento Civil dispone que:

> Si no se encontrase el demandado en el lugar del juicio o no tuviere en él su domicilio, se entenderá la citación con la persona que en cualquier forma estuviere encargada en su nombre del cuidado de la finca en dicho lugar.

> Al citarse al demandado se le apercibirá de que no compareciendo por sí o por legítimo apoderado se decretará el desahucio sin más citarlo ni oírlo.

## C. *Emplazamiento*

En nuestro ordenamiento jurídico, el emplazamiento es el mecanismo procesal que permite al Tribunal adquirir jurisdicción sobre la persona del demandado, para que este quede obligado por el dictamen que, en su día, emita el foro judicial. *Martajeva v. Ferré Morris*, 210 DPR 612, 620 (2022); *Rivera Torres v. Díaz López*, 207 DPR 636, 646-647 (2021); *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021). Dicho mecanismo procesal es parte esencial del debido proceso de ley, pues su propósito principal es notificar a la parte demandada que existe una acción judicial en su contra. De esta manera, la parte puede comparecer en el procedimiento, ser oído y presentar prueba a su favor. *Martajeva v. Ferre Morris*, supra; *Rivera Torres v. Díaz López*, supra, pág. 647; *Pérez Quiles v. Santiago Cintrón*, supra; *Global v. Salaam,* 164 DPR 474, 480 (2005); *Datiz v. Hospital Episcopal,* 163 DPR 10, 15 (2004). Por lo tanto, su adulteración constituye una flagrante violación al trato justo. *Torres Zayas v. Montano Gómez, et als.*, 199 DPR 458, 467 (2017).

Conforme a lo anterior, no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal. Véanse: *Torres Zayas v. Montano Gómez, et als.,* supra; *Sánchez*

*Rivera v. Malavé Rivera*, 192 DPR 854, 870-871 (2015); *Acosta v. ABC, Inc.*, 142 DPR 927 (1997).

En nuestro ordenamiento jurídico, la figura del emplazamiento está regulada por la Regla 4 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4. En particular, dicho precepto legal dispone que una parte que interese demandar a otra deberá presentar el formulario de emplazamiento conjuntamente con la demanda para que el Secretario o Secretaria del Tribunal lo expida inmediatamente. Regla 4.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4.1. Una vez expedido el emplazamiento, la parte que lo solicita cuenta con 120 días para poder diligenciarlo. Lo anterior, a partir del momento en que se presenta la demanda o de la fecha de expedición del emplazamiento por edicto. Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c). En caso de que transcurra el referido término de 120 días y éste no se diligencie, el tribunal deberá dictar sentencia en la que decrete su desestimación y archivo sin perjuicio del caso ante su consideración. *Íd. Torres Zayas v. Montano Gómez, et als.*, supra, págs. 467-468; *Martajeva v. Ferre Morris*, supra, pág. 621.

Nuestras Reglas de Procedimiento Civil establecen dos maneras para diligenciar un emplazamiento: de forma personal o mediante edicto. *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 987 (2020). El emplazamiento personal es el método idóneo para adquirir jurisdicción. Ahora bien, por excepción y en circunstancias específicas, nuestras Reglas de Procedimiento Civil permiten que se utilice el mecanismo del emplazamiento por edicto. Regla 4.6(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6(a). *Caribbean Orthopedics v. Medshape et al,* 207 DPR 994, 1005 (2021).

En particular, la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6, la cual regula todo lo relacionado al emplazamiento por edictos y su publicación, dispone lo siguiente:

(a)    Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto.

La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación general de la Isla de Puerto Rico. La orden dispondrá, además, que dentro de los diez (10) días siguientes a la publicación del edicto se le dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, al lugar de su última dirección física o postal conocida, a no ser que se justifique mediante una declaración jurada que a pesar de los esfuerzos razonables realizados, dirigidos a encontrar una dirección física o postal de la parte demandada, con expresión de éstos, no ha sido posible localizar dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición.

(b)    El contenido del edicto tendrá la información siguiente:

    (1)    Título — Emplazamiento por Edicto
    (2)    Sala del Tribunal de Primera Instancia
    (3)    Número del caso
    (4)    Nombre de la parte demandante
    (5)    Nombre de la parte demandada a emplazarse
    (6)    Naturaleza del pleito
    (7)    Nombre, dirección y número de teléfono del abogado o abogada de la parte demandante
    (8)    Nombre de la persona que expidió el edicto
    (9)    Fecha de expedición
    (10) Término dentro del cual la persona así emplazada  deberá contestar la demanda, según se dispone en la Regla 10.1 de este apéndice, y la advertencia a los efectos de que si no contesta la demanda presentando el original de la contestación ante el tribunal correspondiente, con copia a la parte demandante, se le anotará la rebeldía y se dictará sentencia para conceder el remedio solicitado sin más citarle ni oírle. El edicto identificará con letra negrilla tamaño diez (10)

> puntos toda primera mención de persona natural o jurídica que se mencione en éste.
>
> Si la demanda es enmendada en cualquier fecha anterior a la de la comparecencia de la parte demandada que haya sido emplazada por edictos, dicha demanda enmendada deberá serle notificada en la forma dispuesta por la regla de emplazamiento aplicable al caso.
>
> (c) Cuando se trate de partes demandadas desconocidas su emplazamiento se hará por edictos en conformidad con lo dispuesto en esta regla, dándose cumplimiento sustancial a dichas disposiciones en todo lo posible.

Nuestra última instancia judicial ha expresado que los requisitos que dispone la regla de emplazamiento son de estricto cumplimiento. Véanse: *Rivera Torres v. Díaz López*, supra; *Quiñones Román v. Cía. ABC*, 152 DPR 367, 374–375 (2000); *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901 (1998); *Rodríguez v. Nasrallah,* 118 DPR 93 (1986). Ello, pues, "el emplazamiento es un trámite medular para el cumplimiento con el debido procedimiento de ley de un demandado y afecta directamente la jurisdicción del tribunal". *Rivera v. Jaume,* 157 DPR 562, 579 (2002); *Torres Zayas v. Montano Gómez, et als.*, supra, pág. 468.

Cónsono a ello, debemos recordar que las normas sobre el emplazamiento "son de carácter impositivo, de las cuales no se puede dispensar. La razón de esta rigurosidad es que el emplazamiento se mueve dentro del campo del Derecho constitucional y más específicamente dentro del derecho del demandado a ser oído y notificado de cualquier reclamación en su contra". R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil,* 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 257; *Torres Zayas v. Montano Gómez, et als.*, supra.

En ese sentido, es menester señalar que la falta de un correcto emplazamiento a la parte contra la cual un Tribunal dicta sentencia, "produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado [...]". *Lonzo Llanos v. Banco de la Vivienda,* 133

DPR 509, 512 (1993). Véase también, *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 21-22 (1993); *Rivera Torres v. Díaz López*, supra, págs. 647-648. Dicho de otro modo, "[t]oda sentencia dictada contra un demandado que no ha sido emplazado o notificado conforme a derecho es inválida y no puede ser ejecutada. Se trata de un caso de nulidad radical por imperativo constitucional". (Citas omitidas). *Torres Zayas v. Montano Gómez, et als.,* supra, págs. 468-469.

### D. La Anotación de Rebeldía

La anotación de rebeldía es definida como la posición procesal en que se coloca la parte que ha dejado de cumplir un deber procesal o de ejercitar su derecho de defenderse. *Rodríguez v. Rivera*, 155 DPR 838, 848 (2002). Es norma ampliamente conocida que nuestro ordenamiento jurídico permite que el tribunal *motu proprio* o a solicitud de parte, le anote la rebeldía a una parte por no comparecer a contestar la demanda o a defenderse según estipulan las reglas, o como sanción. *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 100 (2002); *González Pagán v. Moret Guevara*, 202 DPR 1062 (2019); *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807 (2023). En ambas circunstancias, el efecto de la anotación es que se dan por ciertos los hechos que están correctamente alegados. Regla 45.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1. *Banco Popular v. Andino Solís*, 192 DPR 172 (2015); *Mitsubishi Motor v. Lunor y otros*, supra, pág. 824. La figura de rebeldía está regulada por la Regla 45.1 de Procedimiento Civil, *supra*, la cual dispone lo siguiente:

> Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante declaración jurada o de otro modo, el secretario anotará su rebeldía.
>
> El tribunal a iniciativa propia o a moción de parte podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.2 (b)(3).

> Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2 (b).
>
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.[4]

La anotación de rebeldía tiene un propósito disuasivo para las partes que puedan utilizar la dilación como un elemento de su estrategia en la litigación. *Rodríguez Gómez v. Multinational Ins. Co.*, 207 DPR 540, 554 (2021) citando a *Ocasio v. Kelly Servs.*, 163 DPR 653, 670–671 (2005) (citando a J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, San Juan, Pubs. JTS, 2000, T. II, pág. 750); *González Pagán v. Moret Guevara*, supra, pág. 1068. Sobre este particular, el Alto Foro ha señalado que: "… es nota constitutiva de la justicia el tiempo oportuno, por lo que una dilación en la respuesta judicial puede ser una fuente de injusticia". En otras palabras, "justicia tardía equivale a la denegación de la justicia misma". La rebeldía "es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal". *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011).

El Tribunal Supremo ha expresado que, la consecuencia de la anotación de rebeldía es que se admitan como ciertos los hechos correctamente alegados y la causa de acción podrá continuar dilucidándose sin que el demandado participe. *Rodríguez Gómez v. Multinational Ins. Co.*, supra, pág. 554; *González Pagán v. Moret Guevara*, supra, pág. 1068. No obstante, el Máximo Foro ha reiterado que un trámite en rebeldía no garantiza una sentencia favorable al demandante, pues, la parte demandada no admite hechos incorrectamente alegados ni tampoco conclusiones de derecho. *Rodríguez Gómez v. Multinational Ins. Co.*, supra, pág. 554. Asimismo, la parte que se encuentre en rebeldía, tampoco renuncia

---

[4] 32 LPRA Ap. V, R. 45.1.

a las defensas de falta de jurisdicción ni a que la demanda no aduce hechos constitutivos de remedio. *Íd.* págs. 554-555. Los tribunales podrán dictar sentencia en rebeldía únicamente si concluye que procede la concesión de remedio solicitado. *González Pagán v. Moret Guevara*, supra, pág. 1069.

Existen varias instancias en las que un tribunal puede anotarle rebeldía a una parte. La primera y más común es simplemente por no comparecer al proceso después de haber sido debidamente emplazada. En este contexto el demandado que así actúa no incumple con un deber pues tiene el derecho o facultad de no comparecer si no desea hacerlo. Sin embargo, lo que el ordenamiento no permite es que, ante el ejercicio de esa facultad o derecho, el proceso se paralice. Es en ese momento que entra en función el mecanismo procesal de la rebeldía, de manera que la causa de acción continúe dilucidándose sin que necesariamente la parte demandada participe. Queda claro entonces que, en virtud de este mecanismo procesal, el ejercicio de la prerrogativa por parte de un demandado de actuar en rebeldía no consigue dilatar el litigio en su contra y constituye una renuncia a la realización de ciertos actos procesales, en perjuicio de sus propios intereses. *Rivera Figueroa v. Joe's European Shop*, supra, pág. 587.

Una vez se anota la rebeldía por incomparecencia, no será necesario que se le notifique las alegaciones subsiguientes a la demanda original. *Íd.* citando a *Bco. Popular v. Andino Solís*, supra, pág. 180. El Tribunal Supremo ha dispuesto que, no será necesario notificar a las partes que se encuentren en rebeldía por falta de comparecencia, con excepción de las alegaciones en que se soliciten remedios nuevos o adicionales contra tales partes, en tal caso se les notificará en la forma dispuesta en la Regla 4.4 de Procedimiento Civil. *Íd.* págs. 1069-1070.

La segunda instancia en la que una parte pueda ser declarada en rebeldía surge en el momento en que el demandado no formula contestación o alegación responsiva alguna en el término concedido por ley, habiendo comparecido mediante alguna moción previa de donde no surja la intención clara de defenderse. Desde ese momento la parte demandante puede solicitar o el tribunal *motu proprio* puede declarar a la parte en rebeldía. Y la última surge cuando una parte se niega a descubrir su prueba después de haber sido requerido mediante los métodos de descubrimiento de prueba, o simplemente cuando una parte ha incumplido con alguna orden del tribunal. En esta instancia y como medida de sanción, el demandante puede solicitar o el tribunal *motu proprio* puede declarar a la parte que ha incumplido en rebeldía. *Íd.*

Por otro lado, la Regla 45.3 de Procedimiento Civil de Puerto Rico[5], dispone lo concerniente a la facultad del tribunal para dejar sin efecto una rebeldía. Específicamente, la referida regla dispone lo siguiente:

> El tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2 de este apéndice.

No obstante, aunque la facultad de un foro de instancia para dejar sin efecto una anotación de rebeldía al amparo de la Regla 45.3 de Procedimiento Civil, *supra*, se enmarca en la existencia de justa causa, [. . .], esta regla se debe interpretar de manera liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación o la sentencia en rebeldía. *Rivera Figueroa v. Joe's European Shop*, supra, págs. 591-592.

Nuestro Alto Foro ha expresado que algunos de los ejemplos indicativos de la concurrencia de justa causa para levantar la anotación de rebeldía son los siguientes: 1) cuando el demandando

---

[5] 32 LPRA Ap. V, R. 45.3.

que reclama el levantamiento de una anotación de rebeldía puede probar que no fue debidamente emplazado al momento de la anotación; 2) cuando un codemandado a quien se le haya anotado la rebeldía por alegadamente no haber contestado en el término, puede probar que sí había contestado y que la anotación de la rebeldía en su contra obedeció a una confusión por parte de la Secretaría del tribunal ante los múltiples codemandados en el expediente; y 3) cuando el demandado presente evidencia de circunstancias que a juicio del tribunal demuestren justa causa para la dilación, o probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo. *Rivera Figueroa v. Joe's European Shop*, supra, a las págs. 592-593.

Por último, es una norma firmemente establecida que el tribunal apelativo no intervendrá con la discreción del tribunal de instancia, "salvo que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Services v. Cessna Aircraft Co.,* 132 DPR 170, 181 (1992); *Lluch v. España Service Station,* 117 DPR 729, 745 (1986).

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

### III

Como primer señalamiento de error, la parte peticionaria aduce que, incidió el foro de primera instancia al determinar que, la parte recurrida cumplió con los requisitos dispuestos en el Art. 623 del Código de Enjuiciamiento Civil, *supra,* en cuanto a los emplazamientos en casos de desahucio en precario de las señoras

Larracuenta Bastardo y George Marrero. Así como, al ignorar la Regla 4.6 de Procedimiento Civil, y al anotarle rebeldía a estas.

En su segundo señalamiento de error, la parte peticionaria sostiene que, el foro *a quo* erró al determinar que, debido a que el licenciado Edgardo Jiménez Calderín no funge como representante legal de las señoras Larracuenta Bastardo y George Marrero este se encontraba impedido de realizar alegaciones a favor de ellas.

Tras evaluar detenidamente el recurso de epígrafe y luego de una revisión, colegimos que, no procede la expedición del auto solicitado. Los señalamientos de error antes reseñados, por los fundamentos aducidos en la petición, no pueden activar nuestra jurisdicción discrecional de autos. La decisión recurrida no es manifiestamente errónea y encuentra cómo asilo en la sana discreción del Tribunal de Primera Instancia.

Por otro lado, la parte peticionaria tampoco ha logrado persuadirnos de que nuestra abstención apelativa en este momento y sobre el asunto planteado constituiría un rotundo fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**IV**

Por los fundamentos expuestos, se *deniega* la expedición del *certiorari.*

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones